# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

October 19, 2007

Clerk, U.S. District Court
Northern District of CA
280 South First Street
San Jose, CA 95113-3002

Re:    07mj2249-JMA, USA v. Wallace

Dear Clerk of the Court:

Enclosed please find copies of the following documents in connection with removal proceedings conducted in this District regarding the above named defendant:

| | | | |
|---|---|---|---|
| X | Docket Sheet | ___ | Warrant of Removal |
| X | Complaint | X | Order of Removal |
| ___ | Minute Order Appointing Counsel | ___ | Detention Order |
| ___ | Corporate Surety Bond | ___ | Waiver of Removal |
| X | Personal Surety Bond | | |
| X | Other | Abstract of order; Order and condition of pretrial release, Minutes 10/18/2007; Waiver of Hearings | |

Please acknowledge receipt of the above documents on the enclosed copy of this letter.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: R. Mullin
R. Mullin, Deputy Clerk

x Some docs To SP

Arrest on Out-of-District Offense

# UNITED STATES DISTRICT COURT

07 SEP 17 PM 4: 22

## SOUTHERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

### ARREST ON OUT-OF-DISTRICT OFFENSE

Magistrate Case Number: **07 MJ 2249**

The person charged as ___Lynda D. Wallace___ now appears before this United States

District Court for an initial appearance as a result of the following charges having been filed in the United States

District Court for the ___Northern___ District of ___California___

with ___Conspiracy to distribute Anabolic Steroids___ , in

violation of ___21 USC 841, 846___

The charging documents and the warrant of the arrest of the defendant which was issued by the above

United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

DATED: ___9/17/07___ .

___SA SAMMY PARKS___
(Name)

~~Deputy United States Marshal~~

DEA, SAN JOSE, CA.

Reviewed and Approved:

Dated: ___9/17/07___

_____
Assistant United States Attorney

OCT 1 9 2007

I hereby attest and certify on _____
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By_____ Deputy

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Northern District of California

UNITED STATES OF AMERICA,

V.

**WARRANT FOR ARREST**

LYNDA WALLACE

Case Number: CR
07 70546

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **LYNDA WALLACE** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

( ) Indictment  ( ) Information  ( X ) Complaint
( ) Order of Court  ( ) Violation Notice  ( ) Probation Violation Petition

knowingly illegally possess with intent to distribute, and distribute, a controlled substance, specifically anabolic steroids.

in violation of Title __21__ United States Code, Section(s) __846__

| | |
|---|---|
| Patricia V. Trumbull | United States Magistrate Judge |
| Name of Issuing Officer | Title of Issuing Officer |

Signature of Issuing Officer

September 17, 2007    San Jose, CA
Date and Location

Bail fixed at $ No Bail

by    Patricia V. Trumbull
Name of Judicial Officer

---

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| | | |
|---|---|---|
| Date received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

ORIGINAL WARRANT HELD BY
U.S. MARSHALS, SAN JOSE
NOTIFY ABOVE OFFICE UPON ARREST
DO NOT MAKE RETURN ON THIS COPY

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**NORTHERN** _____ DISTRICT OF _____ **CALIFORNIA**

UNITED STATES OF AMERICA

v.

**LARRY S. POLLOCK
LYNDA WALLACE**

**CRIMINAL COMPLAINT**

(Name and Address of Defendant)

CASE NUMBER:

**07    70546    PVT**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___8/1/06--9/1/07___ in ___Santa Clara___ county, in the ___Northern___ District of ___California___ defendant(s) did, (Track Statutory Language of Offense)
knowingly illegally possess with intent to distribute, and distribute, a controlled substance, specifically anabolic steroids

in violation of Title ___21___ United States Code, Section(s) ___846___ .

I further state that I am a(n) ___Special Agent, DEA___ and that this complaint is based on the following
Official Title

facts:

Please see attached affidavit.

Maximum Penalties:

Five years imprisonment
$250,000 fine
Up to 2 years supervised release
$100 special assessment fee

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Approved
As To
Form:    _____
AUSA: Jeff Nedrow

_____
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

___9/17/07___
Date

at ___San Jose, California___
City and State

PATRICIA V. TRUMBULL
U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

SEP-17-2007    Case 5:07-mj-02249-JMA    Document 360    Filed 09/17/2007    Page 4 of 24    P.3

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Patrick Donlin, being duly sworn, hereby depose and state the following:

### INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a request for the issuance of a complaint for

Larry S. Pollock and Lynda Wallace, persons involved in the illegal possession with intent to

distribute, and distribution, of anabolic steroids, a federally controlled substance, in violation of 21

U.S.C. § 841(a)(1). As described below, the conduct of these individuals in distributing anabolic

steroids provides a probable cause basis to believe that Pollock and Wallace are knowingly

involved in conspiring to illegally possess with intent to distribute, and to distribute, anabolic

steroids, in violation of 21 U.S.C. § 846.

### AFFIANT'S BACKGROUND

2. I have been employed by the Drug Enforcement Administration (DEA) as a Special

Agent since March 4, 2005 and am currently assigned to the San Francisco Field Division, San Jose

Resident Office. Prior to becoming a DEA Special Agent, I was a licensed attorney in Ohio. I was

an Assistant Cuyahoga County Prosecutor in Cleveland, Ohio from approximately 2000 to 2003.

In my capacity as a DEA Special Agent, I investigate federal narcotics and money laundering

offenses, including but not limited to, those enumerated in Title 21, United States Code, §§ 841,

843(b), and 846. I have received training and course instruction from the DEA relating to

investigative techniques and the conduct of narcotics and financial investigations. Prior to working

as a DEA Special Agent, I attended and graduated from the DEA Basic Agent Training Program in

Quantico, Virginia. At the DEA Basic Agent Training Program, I received several hundred hours

of comprehensive, formalized instruction in the recognition, distribution, manufacturing and

packaging of controlled substances, as well as money laundering techniques and asset forfeiture.

1

My experience as an Assistant Cuyahoga County Prosecutor included the drafting and preparation of search warrants and prosecution of felony violations of the Ohio Revised Code, including felony narcotic violations.

     3. I have spoken to, and worked with, more experienced federal, state and municipal agents and officers in connection with my work as a DEA Special Agent. In the course of my investigative experience as a DEA Special Agent, I have developed experience in the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews, and the service of search and arrest warrants. The investigations in which I have participated have included such issues as the unlawful importation, possession with intent to distribute, and distribution of controlled substances.

     4. I am familiar with the facts as set forth herein from my personal observations, observations by other law enforcement officers as related to me in conversation and in written reports, and from documents and other evidence obtained as a result of this and related investigations.

## LAW PERTAINING TO ANABOLIC STEROIDS AND HUMAN GROWTH HORMONE

     5. Anabolic steroids are Schedule III Controlled Substances. 21 U.S.C. § 812(b), Schedule III (e) ; 21 C.F.R. § 1308.13(f). With certain exceptions authorized by law, it is unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. § 841(a)(1).

     6. Under the Food, Drug, and Cosmetic Act (FDCA), drugs are defined as, among other things, articles intended for use in the cure, mitigation, treatment or prevention of disease in man (21 U.S.C. §321(g)(1)(B)); articles intended to affect the structure or function of the body of man (21 U.S.C. §321(g)(1)©); or articles intended for use as components of other drugs (21 U.S.C.

2

SEP-17-2007 14:57 from: Case 3:07-mj-02249-JMA    Document 1    Filed 09/17/2007    Page 6 of 24    P.5

§ 321(g)(1)(D)). A drug which because of its toxicity or other potentiality for harmful effect is limited to use under the professional supervision of a practitioner licensed by law to administer such a drug. See 21 U.S.C. §§ 353(a)(1)(A), (B).

7. The term "human growth hormone" (hereafter, "HGH") means somatrem, somatropin, or an analogue of either somatrem or somatropin. 21 U.S.C. § 333(e)(4). Somatrem is an analog of somatropin. Somatropin is defined as a synthetic or naturally-occurring growth hormone from the human pituitary gland. All human growth hormones are prescription drugs because of their toxicity and their potential for harmful effects. They are also prescription drugs because the method of their uses, or the collateral measures necessary to their uses, are not safe for use except under the supervision of a practitioner licensed by law to administer such a drug.

8. FDA approval is required for any HGH lawfully sold or distributed in the United States as a drug. The only HGH with FDA approval pursuant to 21 U.S.C. § 355 is limited to specific-approved uses, and such uses must be under the professional supervision of a practitioner licensed by law to administer such a drug. The knowing distribution of, or possession with intent to distribute, HGH for any use in humans is prohibited by Title 21, United States Code, Section 333(e) unless the use is for the treatment of a disease or other recognized medical condition where such use had been authorized by the Secretary of Health and Human Services and pursuant to a valid prescription. 21 U.S.C. § 333(e).

9. The only FDA-approved uses of HGH drugs authorized by the Secretary of Health and Human Services are limited to the following:

     a. Treatment of AIDS wasting or cachexia;

     b. Pediatric growth hormone deficiency;

     c. Short bowel syndrome in adults;

3

d. Adults with somatropin syndrome who meet one of two criteria (adult onset endogenous growth inadequacy due to pituitary or hypothalamic disease, surgery or trauma, or adults who had child-onset somatropin deficiency that was not treated);

e. Pediatric idiopathic short stature;

f. Pediatric patients with Turner syndrome;

g. Pediatric patients who are small for gestational age;

h. Pediatric growth failure due to renal insufficiency following transplantation; and

I. Children with Prader-Willi Syndrome.

10. Individuals, including athletes, often turn to performance-enhancing drugs, such as HGH, to increase muscle size and strength. As indicated in paragraph 9 above, medical practitioners are not permitted to prescribe HGH for the purpose of promoting muscle growth to improve athletic performance. As a result, these individuals seek to obtain the drug illegally, either by purchasing the drug from an unauthorized dispenser within the United States or by smuggling the drug into the United States.

## STATEMENT OF PROBABLE CAUSE

## CASE BACKGROUND

11. Since 2005, I have been involved in investigating underground steroid labs and the illegal distribution of anabolic steroids in Northern California. In 2006, these investigative efforts identified a particular underground steroid lab operator involved in the illegal distribution of anabolic steroids. As a part of the investigation into this individual's conduct, a DEA undercover agent made several purchases of anabolic steroids from the lab operator. Several vials of testosterone-based steroids purchased by the undercover agent from the lab operator bore a label

4

identifying the manufacturer as "Stallion Labs." The lab operator has pled guilty to felony steroid

distribution charges under 21 USC § 841. The lab operator has agreed to cooperate as a

Confidential Source with the government and provide information and assistance regarding the

government's investigation into illegal steroid distribution. (Accordingly, the lab operator is

hereafter referred to as the "CS.") The CS is providing information in this investigation in

exchange for possible consideration of a more lenient sentence in his case at time of sentencing.

The CS has identified Stallion Labs as a source for anabolic steroids, and stated that he purchased

anabolic steroids from Stallion Labs. The CS informed the DEA that he typically communicated

with the operator of Stallion Labs via e-mail rather than by phone and provided me with the

internet address for the Stallion Labs website, www.stallionlabs.net. At the request of the DEA,

the CS agreed to pursue e-mail discussions with Stallion Labs on the topic of anabolic steroids and

their illegal distribution. A synopsis of the e-mails sent by the CS pursuant to his cooperation is

contained within the following paragraphs.

### January 16, 2007 E-mail from Stallion Labs

12. On January 16, 2007, the CS received an e-mail from Stallion Labs. The e-mail was sent

from the e-mail address of stallionlabs@hush.com. The author of the e-mail identified himself

only as "Jordan" and informed the CS that the lab was fully "stocked," stating that payments were

to be received via wire transfers. The CS understood that once the wire transfer posted, the

shipment of anabolic steroids would be shipped to the customer. "Jordan" also provided a price list

containing a variety of anabolic steroids for sale. In response, the CS sent an e-mail back to

"Jordan" requesting additional payment information.

### January 17, 2007 E-mail from Stallion Labs

13. On January 17, 2007, the CS received an e-mail from stallionlabs@hush.com with detailed

instructions for payment. According to the instructions, U.S. dollars were to be wired to a bank

5

SEP-17-2007 04:58 FROM: Case 5:07-mj-02249-JMA    Document 360    Filed 09/17/2007 916192358757    Page 9 of 24    P.8/22

account at the Belize Bank International Limited in Belize City, Belize. The e-mail provided an account number for the wire transfer but also listed an alternative form of payment. This alternative form of payment would require an individual to mail a check or international money order directly to the Belize Bank International Limited addressed to the attention of the manager at the bank.

### February 06, 2007 E-mail from Stallion Labs

14.    On February 06, 2007, the CS again received an e-mail from stallionlabs@hush.com. In this e-mail, the individual identified as "Jordan" referenced a former Mexican-based steroid lab known as Quality Vet. Quality Vet was a target of a prior DEA investigation. "Jordan" noted that Quality Vet was no longer in existence. "Jordan" stated that he (Jordan) had acquired several cases of "QV cyp and prop" from a kidnaping. Based upon my experience in investigating the illegal distribution of anabolic steroids over approximately the past two years, I know that "QV cyp" and "prop" likely refer, respectively, to the anabolic steroids Cypionate and Propionate. "Jordan" went on further to state that these cases of anabolic steroids would be advertised for sale on a website called Offshore Body Building at a discounted price.

15.    "Jordan" discussed two ways to obtain steroids and HGH from Stallion Labs. In discussing the first method, "Jordan" stated that Stallion Labs products were being distributed by an individual operating a *grenaro*, i.e., a retail sales location, on Revolution Avenue in Tijuana, Mexico. The individual operating the grenaro on Revolution Avenue also distributed Stallion Labs products to other *grenaros* in "Baja." "Jordan" then described the second method of distribution, stating that the steroids and HGH are "crossed" (i.e., smuggled from Mexico to the United States) and then shipped domestically from Southern California to any location requested by the customer.

6

## March and April E-mails from Stallion Labs

16. In March of 2007, the CS prepared an order for anabolic steroids and e-mailed the order to stallionlabs@hush.com. The CS also requested that the CS be allowed to pick the order up in person in the Los Angeles area. "Jordan" responded that he does not meet anyone in person and reiterated that the products could be shipped to anywhere the customer requested. Jordan also stated that the Belizean bank account had closed for "security reasons," but payment could now be sent to China.

17. In response to the statement that payments for anabolic steroids should now be sent to China, the CS sent an e-mail to stallionlabs@hush.com requesting updated payment information. On April 3, 2007, Jordan replied and instructed the CS to wire all payments via Western Union to a "Cierra Rocklin" in Tijuana, Mexico. Jordan also instructed the CS that all wire transfers made should be less than $1,000.00 U.S. dollars per transaction, adding that in cases where orders exceed $1,000.00 dollars, they must be broken into several smaller transactions. I know that as a matter of Western Union policy, individuals wiring more than $1,000.00 are required to show a valid ID. I also know, from my training and experience, that persons involved in the illegal trafficking of narcotics are often aware of, and sensitive to, structuring wire transfers and other cash transactions to avoid identification and reporting requirements such as the Western Union requirement. "Jordan" further instructed the CS to e-mail the Money Transfer Control Number (hereinafter MTCN) so that the funds could be collected. An MCTN is an identifier that recipients of Western Union wire transfers use to identify their interest in a particular wire transfer. MCTN's are assigned automatically by Western Union. Once the money is received, then the order is shipped.

7

## Western Union Information

18. On April 12, 2007, I sent an administrative subpoena to Western Union for any wire transfers made to or received by "Cierra Rocklin" in Tijuana, Mexico. I conducted an exhaustive search for any individuals named "Cierra Rocklin" in the United States with negative results. Based upon my research, I believe that "Cierra Rocklin" is false name. Based on my training and experience, it is common for individuals involved in the illegal distribution of controlled substances to use false names in order to conceal their illegal drug distribution activities.

19. On April 13, 2007, I received records from Western Union regarding the name "Cierra Rocklin." The records indicated that "Cierra Rocklin" had received approximately 154 wire transfers from the time period of March 2, 2007 through April 11, 2007, in excess of $72,000.00 U.S. dollars. The wire transfers were from individuals located in 33 separate U.S. states and one wire transfer from France.

20. According to the documents provided by Western Union, "Rocklin" retrieved the wire transfers from eight separate locations in Tijuana, Mexico and provided a variety of identification numbers. Rocklin provided two phone numbers to Western Union as contact numbers. These numbers were 619-370-5472, an AT&T prepaid cellular phone number, and 818-530-8813.

21. I requested subscriber information and a call detail record for 619-370-5472 from AT & T. AT&T provided information indicating that the subscriber of 619-370-5472 was one "Tommy Chourvilden" of 539 Telegraph Canyon Rd., Chula Vista, CA, 91910. This address was formerly the address for a UPS store which, I came to learn, had recently moved to another location on Telegraph Canyon Road, that of 591 Telegraph Canyon Road, Chula Vista, California. "Chourvilden" listed his date of birth as September 9, 1990, making this individual 17 year's old. I

SEP-17-2007 (1:58 5:07-mj-02249-JMA    Document 3-50    Filed 09/17/2007    Page 12 of 24 P. 11/22

should note, that, based on my training and experience, it is common for subscribers of prepaid cellular telephones to provide false or misleading information and I believe that the "Chourvilden" name is a false name used by the actual operator or operators of Stallion Labs.

22. In examining the call detail records for 619-370-5472, I observed that several calls were made to numbers associated with the Belize Bank International Limited, the Central American financial institution referred to by "Jordan" in prior e-mail correspondence between the CS and Stallion Labs. I also observed that several calls were made to numbers associated with a company called Spectrum Chemicals and Laboratory Products (hereafter "Spectrum") and to a second laboratory supply company, Voigt Global Distribution (hereafter "Voigt"). I understand Spectrum and Voigt to be legitimate pharmaceutical and laboratory equipment companies. Based upon my training and experience, individuals engaged in the illicit production of steroids will often purchase laboratory equipment and chemicals from legitimate companies.

23. I contacted Spectrum and obtained information for customers with the phone numbers 619-370-5472 or 818-530-8813. The phone number 818-530-8813 appeared in the Spectrum database and was associated with a Spectrum customer named Larry S. Pollock, of a company called Better Life Marketing Corporation. Pollock provided several addresses to Spectrum. The most recent shipping address was listed as 539 Telegraph Canyon Rd., Ste. 349, Chula Vista, California. As noted above, the address listed for the AT&T prepaid cellular phone number 619-370-5472 was 539 Telegraph Canyon Road, Chula Vista, California, without a specified suite number; however, given that the address formerly was occupied by a UPS office, I believe it is reasonable to conclude that "Ste 349" actually referred to a post office box at the former UPS office at that address. Spectrum also provided a detailed accounting of the products purchased by Pollock through Better Life Marketing. From March 3, 2006 through April 7, 2007

9

Case 5:07-mj-70546-MRGD    Document 3    Filed 10/24/2007    Page 14 of 35
SEP-17-2007 14:58 (from)                                                    5 12/22
Case 5:07-mj-02249-JMA    Document 1    Filed 09/17/2007    Page 13 of 24

Pollock purchased more than $18,000.00 in chemicals and laboratory equipment. In examining the chemicals purchased by Pollock, I noticed that during the above-referenced time period, Pollock, through Better Life Marketing purchased approximately 104 liters (roughly 27 gallons) of a chemical called benzyl benzoate. Based on the fact that I have found benzyl benzoate at other underground steroid manufacturing sites, I believe it is reasonable to infer that benzyl benzoate is used in the process of manufacturing anabolic steroids.

24. On January 31, 2007, according to the phone records for 619-370-5472, a phone call from 619-370-5472 was placed to 1-800-772-8786, a toll-free number for Spectrum, and to 310-516-3000 a direct telephone for Spectrum. An examination of Pollock's purchases from Spectrum during this period of time reveal that an order for 45 kilograms of anhydrous lactose was placed on January 31, 2007, the same day the two phone calls were made from the 619-370-5472 cellular phone number. It is my understanding that anyhydrous lactose, while not commonly used, is a substance that may be used as a binding agent or filler in the process of producing pills or tablets for consumption.

<u>Western Union Transactions for Larry S. Pollock</u>

25. In May of 2007, I obtained Western Union records for wire transfers made by Larry S. Pollock using the phone numbers 818-530-8813 and 619-370-5472. The documents provided by Western Union in response to the subpoena demonstrated that Pollock had in fact utilized 818-530-8813 as a contact number when making wire transfers. For instance, on August 11, 2006, Pollock wired $1,250.00 to an individual in China[1]. Based upon my training and experience, many

---

[1] Based upon your Affiant's training and experience many individuals operating clandestine steroid manufacturing operations often purchase anabolic steroids in powder form from pharmaceutical companies in China.

individuals operating clandestine steroid manufacturing operations often purchase anabolic steroids in powder form from pharmaceutical companies in China. Pollock provided the phone number 818-530-8813 along with his California Driver's License Number, C3980781, date of birth of November 11, 1966, and the address of 2631 Buggy Lane, Camarillo, CA. A check of California Department of Motor Vehicle Records confirmed that Larry S. Pollock had a California Driver's License with the number of C3980781, with a listed date of birth of November 11, 1966, and an address of 2631 Buggy Lane, Camarillo, California; this driver's license expired, however, in 2006, and to my knowledge, has not been renewed.

26. The phone number 818-530-8813 is also listed in the Western Union records as a contact number for "Cierra Rocklin," the name referenced previously as the designated recipient for wire transfers for the purchase of anabolic steroids in Tijuana, Mexico. "Rocklin" provided the address of 248 Orange Ave., Chula Vista, California as a residence. In March of 2007, "Rocklin" began providing the phone number of 619-370-5472 as a contact number and the address of 278 Orange Ave., Tijuana, Mexico.

### 6/18/07 wire transfers to Stallion Labs for the purchase of anabolic steroids and HGH

27. On June 18, 2007, I wired approximately $2,955.00 in U.S. currency to Cierra Rocklin in Tijuana, Mexico for the purchase of anabolic steroids and HGH. Based upon the instructions provided in earlier e-mails by Stallions Labs to wire amounts less than $1,000.00 in U.S. currency, I made three wire transfers of, respectively, $998.00, $998.00, and $959.00 to Rocklin. The CS subsequently sent an e-mail to Stallion Labs at stallionlabs@hush.com with the order listing the requested anabolic steroids and HGH along with the MTCN for each wire transfer. The e-mail also contained instructions to Stallion Labs on where the anabolic steroids and HGH were to be shipped.

11

28. On June 23, 2007, the CS notified me that Stallion Labs had sent an e-mail to the CS containing a U.S. Postal tracking number (0306 2400 0000 7813 1478) for a package mailed through the United States Postal System.

29. On June 25, 2007, I received the package with the above referenced tracking number from an undercover mail box located in the San Jose, California area. The package had a return address of Vitamin Research Co., 641 E. San Ysidro Blvd., STE. #3, Chula Vista, CA 92173 and contained 10 boxes marked Stallion Laboratory "Deca 300", 29 boxes of Stallion Laboratories "Test Cypio 250", 27 boxes of Stallion Laboratory's "Test Propio 100", and two packages of Thank Tropin Human Growth Hormone. Subsequent lab results confirmed that the contents of these boxes contained anabolic steroids and human growth hormone which are illegal to distribute without a proper medical prescription and a proper medical purpose, neither of which applied to this particular distribution.

30. At my request, SA Mitch Herzog of the United State Postal Inspector Service (hereinafter USPIS) examined the package's tracking number. SA Herzog was able to determine, based on his training and experience, that the package had been mailed from a U.S. Post Office located at 2535 Midway Dr., San Diego, CA 92110. SA Herzog contacted SA Kelly Cain of the U.S. Postal Inspector's Service in San Diego, CA. SA Cain interviewed the clerk at the Midway Dr. Postal Facility that was working on June 22, 2007 (the day the package of steroids and HGH were mailed to the San Jose DEA undercover mail box). The clerk stated that a female mailed the package along with several other packages destined for various locations. SA Cain also interviewed two additional postal clerks at the Midway Postal Facility who have regularly dealt with a couple who mailed several packages at a time. (As noted below, this couple was subsequently identified as Larry S. Pollock, and his wife, Lynda Wallace). One Postal Clerk noted

12

that the female had stated that she and the male were married. The clerk also stated that they (Pollock and Wallace) often came with two small children and heard them often ask each other if they had American money.

31. In furtherance of this investigation, DEA subsequently obtained surveillance video from the Midway Postal Facility. Another DEA agent familiar with the facts of this case, SA Samarl Parks, has reviewed at least one surveillance video and identified Pollock and Wallace mailing multiple packages based on a comparison of photographs of Pollock and Wallace from their California Department of Vehicle photographs.

32. At the request of DEA, the United States Postal Inspectors Service assisted in setting aside packages mailed by Pollock and Wallace for further examination of their return labels. The packages examined all bore the same return address of Vitamin Research Company, 641 E. San Ysidro Blvd, STE #B3, #128, Chula Vista, CA. This address is actually a Postal Annex mail room. (Postal Annex is a private business which offers a variety of mail-related services at various locations, including mailboxes and parcel deliveries for customers). Based on the investigation to date, it is believed that Vitamin Research Company is a fictitious business that Pollock uses to cover-up his distribution of anabolic steroids.

33. In furtherance of the investigation, I prepared photographic lineups for Pollock and Wallace. Each "line up" contained six photographs. The first photographic line up contained a picture of Larry S. Pollock and five individuals of similar physical characteristics. The second photo lineup contained the image of Lynda Wallace and five other individuals of similar physical characteristics. The two postal clerks at the Midway Postal Facility identified the female as Lynda Wallace and the male as Larry S. Pollock from the photo line ups.

13

34.   A query through the California Department of Motor Vehicles lists Wallace's address as 591 Telegraph Canyon Rd., #349, Chula Vista, California. As noted above, this address is a current UPS retail store where customers can receive mail and packages.

35.   On July 19, 2007, SA Parks went to the Postal Annex located at 641 E. San Ysidro Blvd., STE B3, in San Ysidro, California, the address listed as the return address on the packages sent by Pollock and Wallace. (It should be noted that the return address on the packages incorrectly located this address in Chula Vista; in fact, the address is in San Ysidro. San Ysidro and Chula Vista border each other). SA Parks obtained information pertaining to postal mail box #128, the postal mail box listed on the return address for the packages, including a rental agreement. The rental agreement contained the following information:

- Name of Firm or Corporation: Vitamin Research Co.
- Name of Applicant: Tommi THORILDSEN
- Address: 339 St. Tropez Ct. Laguna Beach, CA 92651
- Authorization is extended to: Cierra ROCKLIN
- A Copy of a California Drivers License 5AVY896

36.   A postal annex employee informed SA Parks that a thin female with blond hair and a big muscular male picked up the mail for Box #128. The postal employee stated the couple checked the mail about once a week. SA Parks then showed the postal employee a Department of Motor Vehicles Drivers License (#C3980781) photograph of Larry Pollock. Upon presenting the photograph of Larry Pollock to the postal employee she immediately stated "that is the guy who picks up the mail for box #128". SA Parks then presented the unidentified postal employee a Department of Motor Vehicles Drivers License (#B7276089) photograph of Lynda Wallace. The postal employee confirmed that was the female who also picks up mail for mail box #128.

14

## SEMPRA ENERGY ACCOUNT FOR LYNDA WALLACE

37.   In furtherance of the investigation, I also obtained information from Sempra Energy, a utility provider in the San Diego, California area, for any account information for either Larry Pollock or Lynda Wallace. This information included a closed account for Lynda Wallace. Wallace opened the account on April 24, 2007 at 1560 Coronado Ave., #29, San Diego, CA. The contact for the account included Wallace's social security number and a home phone of 619-370-5472 (the number previously associated with Pollock's calls to Spectrum), a cell phone number of 619-638-1972, and 619-955-7275 as a work number.   The 619-955-7275 number is subscribed to Larry S. Pollock at 591 Telegraph Canyon Rd., #349, Chula Vista, CA, an address which is, as noted above, a UPS retail facility.

38.   The information obtained from Sempra Energy also included a cancelled check dated May 21, 2007.  The account holder for the checking account is listed as The Better Life Marketing Corp., a company name used by Pollock to purchase laboratory equipment and chemicals from Spectrum.

### Subscriber and call detail information for phone number 619-955-7275

39.   I further obtained phone records for 619-955-7275, the number listed by Lynda Wallace as a work number on her Sempra Energy account and subscribed to by Larry Pollock. I observed that the phone number 619-387-5676 was in contact with 619-955-7275 77 times from May 4, 2007 through July 20, 2007. I subsequently obtained additional information for 619-387-5676. The phone number 619-387-5676 is subscribed to a Lynda Wallace of 591 Telegraph Canyon Rd., #349, Chula Vista, CA.   Several other calls were also placed by 619-955-7275 to pharmaceutical equipment and supply companies such as Spectrum, Voigt, and JRS Pharma, a company distributing excipients (an inactive substance used in the production of pills). One phone

15

SEP-17-2007 15:00 from 02249-JMA    Document 1-50    Filed 09/17/2007    Page 19 of 24

call in particular made to JRS Pharma on July 19, 2007 from 619-955-7275 lasted more than 68 minutes.

40. I requested information from JRS Pharma pertaining to Larry S. Pollock or Better Life Marketing. In response, JRS Pharma provided several interoffice e-mails regarding its contact with Pollock. According to the e-mails, JRS Pharma employee Joe Zeleznik spoke to Pollock on July 19, 2007 and requested that another employee arrange a sample of excipients to be delivered to Larry Pollock of Better Life Marketing Corp., 591 Telegraph Canyon Rd., Suite 349, Chula Vista, CA 91910. Pollock also provided a contact number of 619-370-5472, the same number listed as a contact number for "Cierra Rocklin" with Western Union in connection with the wire transfers in payment for steroid distributions. In addition to the phone number, Pollock also provided JRS Pharma with an e-mail of Jordan3@hush.com, associating Pollock with the "Jordan" pseudonym provided to the CS in the CS's e-mails to Stallion Labs. The interoffice e-mails at JRS Pharma detailed types of samples Pollock was to receive: 4 kilograms of PROSOLV SMCC 90, 4 kilograms of PROSOLV HD 90 and 100 milligrams of PRUV. All three substances are used in the manufacturing of pills. The shipment was sent on August 2, 2007, to the 591 Telegraph Canyon Rd., #349, Chula Vista, CA address previously identified as a UPS facility associated with Pollock and Wallace.

41. JRS Pharma's records indicated that Pollock had requested payment instructions for an order of 50 kilograms of PROSOLV HD90, a type of excipient. JRS Pharma responded, quoting Pollock a price of $630.38 for the product and shipping.

42. On August 21, 2007, JRS Pharma received a U.S. Postal express mail envelope

16

from Pollock with a return address for "Vit. Rsch. Co.," or Vitamin Research Company, 641 E. San

Ysidro Blvd., San Ysidro, CA. As noted above, Vitamin Research Company was also listed on the

return address of the steroids and HGH received by the DEA from Stallion Labs on July 25, 2007.

## Western Union Transactions For Cheryl Spencer and Tommi Thourvildsen

44. On July 17, 2007, I obtained Western Union records for telephone number 619-

370-5472. The resulting records containing the information summarized in the following

paragraphs.

45.    On June 22, 2007, at approximately 6:56 pm, a wire transfer in the amount of

$500.00 was made by an individual using the name "Cheryl Spencer," using the phone number

619-370-5472. The wire transfer originated from Otay Check Cashing located at 2496 Roll Drive,

STE 6, San Diego, CA; the address used by "Spencer" was 2498 Roll Drive, San Diego, CA. The

$500.00 was received by Bank First Quick Collect on June 22, 2007.

46. On June 25, 2007, at approximately 6:23 pm a second wire transfer was made by

"Spencer," again using the same phone number, address, and amount. This wire transfer is also

was also received by the same recipient as the June 22, 2007, wire transfer.

47. On June 27, 2007, at approximately 5:05 pm, and individual providing the name

Tommi Thourvildsen made a wire transfer in the amount of $1,700.00 from R P Internacional

located at 443 E. San Ysidro Blvd., San Ysidro, CA. The identifiers provided to Western Union by

the sender listed an address of 3395 San Tropez Ct., Laguna Beach, CA 92607, phone number 619-

370-5472, and a California Driver's License number B5415169. As noted above, the phone

number is used by Larry Pollock. A check of this CA DL number revealed it as belonging to

Margarita Toloza Montoya, a 60 year old woman from Hawthorne, CA not known to be involved

with Stallion Labs.

17

46.     On June 27, 2007, at approximately 5:33 pm, an individual named Tommi Thourvildsen made a wire transfer totaling $1,350.00 to a Zheng Ping DAI[2] in Shanghai, China. This wire transfer was made from Postal Annex Plus #2013 located at 641 E. San Ysidro Blvd., STE B3, San Ysidro, CA. As noted above, this address was listed as the return address as on the package containing steroids and HGH purchased from Stallion Labs, though the specific box number of 128 was not included on the wire transfer record. As noted above, Thourvildsen is believed to be an alias used by Pollock as a member of the Stallion Labs steroid trafficking organization. The name "Thourvildsen" further appears similar to the subscriber name provided for phone number 619-370-5472, Tommy "Chourvilden." The identifiers provided to Western Union by the sender again list an address of 339 San Tropez Ct., Laguna Beach, CA 92607, phone number 619-370-5472, and a California Driver's License number B5415169.

47.  Postal Annex 2013, the location of the 5:05 pm wire transfer and R P Internacional, the location of the second wire transfer at 5:33 pm, are approximately 0.3 mile apart.

48. On June 29, 2007 and July 03, 2007, "Spencer" made two (2) additional wire transfers to First Bank providing the same information as the June 22 and June 25 wire transfers.

### Phone Number 619-955-6686 Subscribed To By Cheryl Spencer

49.  In examining the call detail record for 619-370-5472, the cell phone associated with Pollock, I further observed that calls were made to a Vonage phone number 619-955-6686. I obtained subscriber and a call detail record phone number 619-955-6686. Phone records for this number list the subscriber as Cheryl Spencer of 2498 Roll Dr., #710, San Diego, CA. The account

---

[2] Based upon your Affiant's training and experience individuals or groups operating underground steroid laboratories often purchase anabolic steroids from companies or individuals in China.

18

was established on July 17, 2007 and is paid for via a debit card. An examination of the call detail

record illustrates that 19 phone calls were made to or received from this number and Pollock's cell

phone number 619-370-5472 for the time period of August 5, 2007 through August 30, 2007. 50.

In addition to the phone number associated to Pollock, 8 calls were received by or made to 310-

517-9050, a phone number that Wallace listed on a U.S. Passport application as a contact for her

mother, Lynda Clark.

## AUGUST 26, 2007 E-MAIL FROM STALLION LABS

50.  In approximately June or July 2007, the CS was provided a new e-mail for

Stallion Labs, mexilab@hushmail.com. On August 26, 2007 the CS e-mailed Stallion Labs at

mexilab@hushmail.com and inquired about making future orders. Stallion Labs responded to the

CS's e-mail stating that they (Stallion Labs) were fully stocked with the exception of one variety of

anabolic steroids. In addition, Stallion Labs directed the CS to wire all payments to Tommi

Thourvildsen in Tijuana, Mexico the same name used in previous Western Union wire transfers

utilizing 619-370-5472 as a contact number.

19

## CONCLUSION

51. Based upon the above-summarized facts, including the delivery of the June 25, 2007, package containing steroids and HGH from Stallion Labs, and the abundant witness and documentary evidence demonstrating that Larry Pollock and Lynda Wallace are associated with the distribution of anabolic steroids under the name of Stallion Labs, as well as the e-mails and subpoena information, I believe there is probable cause that Larry Pollock and Lynda Wallace knowingly conspired to possess with intent to distribute, and to distribute, anabolic steroids in violation of 21 U.S.C. § 846.


_Patrick Donlin_
Patrick Donlin
Special Agent
Drug Enforcement Administration


Subscribed and sworn to me this ⁀7 day of

_Patricia V. Trumbull_
PATRICIA V. TRUMBULL
UNITED STATES MAGISTRATE JUDGE


20

## C L E R K S

## O F F I C E

# FAX

**DATE:** _____

**TO:** _____

**FAX:** 619-235-2757

**FROM:** SA Pat Donlin

**SUBJECT:** Bullock/Wallace Complaint

**PAGES:** _____

**COMMENTS:** _____

_____

_____

_____

_____

_____

_____

**U.S. DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

408.535-5363
Fax 408.535-5380
www.cand.uscourts.gov

Case 3:07-mj-02249-JMA    Document 3    Filed 09/18/2007    Page 1 of 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
)
vs )
)
Lynda D. Wallace )
)
)

2007 SEP 18  A 12:09
CASE NUMBER **09 mj 2249**

ABSTRACT OF ORDER

Booking No. **0 5082298**

TO THE UNITED STATES MARSHAL AND / OR WARDEN, METROPOLITAN CORRECTIONAL CENTER:

Be advised that under date of _____ **9-18-07** _____

the Court entered the following order:

__**X**__ Defendant be released from custody.

_____ Defendant placed on supervised / unsupervised probation / supervised release.

_____ Defendant continued on supervised / unsupervised probation / supervised release

and released from custody.

_____ Defendant released on $_____ bond posted.

__**X**__ Defendant appeared in Court. FINGERPRINT & RELEASE.

_____ Defendant remanded and ( _____ bond) ( _____ bond on appeal) exonerated.

_____ Defendant sentenced to TIME SERVED, supervised release for _____ years.

_____ c.c. judgment Court of Appeals ( _____ affirming) ( _____ reversing) decision of this Court:

_____ dismissing appeal filed.

_____ Bench Warrant Recalled.

_____ Defendant forfeited collateral.

_____ Case Dismissed.

_____ Defendant to be released to Pretrial Services for electronic monitoring.

__**X**__ Other. **$100,000 P/S bond & trust deed to be recorded by 9/27/07.**

**JAN M. ADLER**

UNITED STATES MAGISTRATE JUDGE

OR

W. SAMUEL HAMRICK, JR.   Clerk

Received_____
DUSM

OCT 1 9 2007

*Rhea Rjmmo.*
Deputy Clerk

I hereby attest and certify on _____
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.

Crim-9    (Rev 6-95)

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

* U.S. GPO: 1996-763-398/40151

**CLERKS' COPY**   By_____ Deputy

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff, ) | CRIMINAL CASE NO. _07mj2249_ |
| v.                                      ) | |
| Lynda Wallace               Defendant. ) | ORDER AND CONDITIONS OF PRETRIAL |
| | RELEASE: BAIL (18 U.S.C. § 3142(c)) |

A hearing was held to determine pretrial conditions of release of the defendant pursuant to 18 U.S.C. § 3142. The Federal Judge determined an unconditional release pursuant to 18 U.S.C.§ 3142(b) is not sufficient to assure the appearance of the defendant and the safety of the community. Thus, conditions of pretrial release are necessary pursuant to 18 U.S.C.§ 3142(c). *Good cause appearing*,
  **IT IS ORDERED** that the defendant shall be released subject to the condition that the defendant: *(a) not commit a federal, state or local crime during the period of release, (b) make all court appearances and (c) comply with the conditions itemized below, as indicated by (✓), in accordance with 18 U.S.C.§ 3142(c)(2):*

**STANDARD CONDITIONS:**
✓ 1. restrict travel to ❏ San Diego County, ☑ Southern District of California, ☑ Central District of California, ❏ State of California, ❏ United States, ☑ do not enter Mexico, ❏ other: _N.D. Cal_ ;
✓ 2. report for supervision to Pretrial Services Agency (PSA) as directed by the assigned PSO and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court;
✓ 3. not possess or use any narcotic drug or controlled substance, (defined in 21 U.S.C. § 802), without a lawful medical prescription;
✓ 4. not possess any firearm, dangerous weapon or destructive device during the pendency of the case;
✓ 5. read, or have explained, and acknowledge understanding of the Advice of Penalties and Sanctions Form;
✓ 6. provide a current residence address and phone number prior to release and keep it current while case pending.

**ADDITIONAL CONDITIONS:**
____ 7. be able to legally remain in the United States during pendency of the proceedings;
____ 8. submit to treatment, and/or testing, as specified by the PSO, for:
❏ drugs or alcohol, and/or ❏ psychiatric or psychological counseling;
____ 9. participate in a Global Positioning System (GPS) satellite monitoring program ❏ active ❏ passive, including, release of defendant to PSA custody; and ❏ residence restrictions and/or ❏ permissive travel for employment. Defendant and sureties are responsible for GPS equipment loss or damage.
❏ submit to supervision and custody of _____; and/or
❏ remain at a specified residence (curfew) between the hours of _____ P.M. and _____ A.M. daily;
____ 10. actively seek and maintain full-time employment, schooling, or combination of both;
✓ 11. execute a personal appearance bond in the amount of $ _75,000_ secured by:
☑ a trust deed to the United States on real estate approved by a Federal Judge;
❏ the co-signatures of _____ financially responsible (related) adults;
❏ Nebbia Hearing ☑ Exam of Sureties ❏ other: _____
____ 12. provide the court with: ❏ a cash bond and/or ❏ execute a bail bond by an approved solvent corporate surety in the amount of $ _____ that covers **ALL** conditions of release (not just appearances).
____ 13. 18 U.S.C.§ 3142(d) hold until _____ ; if no detainer is lodged by then, these conditions take effect.
____ 14. clear all warrants/FTA's within _____ days of release.
____ 15. all conditions previously set will remain the same.
✓ 16. other conditions: - Will reside w/ mother-in-law, Esther Lilly Zwieg, the surety in this matter, at 2671 Rugby Ln, Escondido, CA
- Trust deed to be recorded w/ court prior to release by 9/28/07 & bond pkg to be posted to ct, or ... ...
- D to be released pending presentation of Trust deed

DATED: _9-18-07_                                        _[signature]_ Federal Judge

cc:    Defendant/Counsel & U.S. Pretrial ...

I hereby attest and certify on OCT 19 2007
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _[signature]_                          Deputy

K:\COMMON\EVERYONE\CRIM-49B.WPD
Form Crim-49b(Rev. 8/04)

**Minutes of the United States District Court**
**Southern District of California**
**OCTOBER 18, 2007**

HON.   **JAN M. ADLER**                    DEPUTY CLERK: **R. RHONE** *RR*

---

TAPE NO. JMA07-01-2:25-2:29

07MJ2249-JMA                    USA     vs.     LYNDA WALLACE - 05082298 (R)

REMOVAL/ID HRG                                  HOWARD FRANK, RET

                                               AUSA: MARK CONNOVER

---

DFT WAIVES ID HRG

WAIVER OF HRG FILED

ORDER OF REMOVAL SIGNED BY THE COURT

DFT ORDERED TO APPEAR ON 11/1/07 AT 9:30 AM BEFORE MAG JUDGE PATRICIA TRUMBULL IN SAN JOSE, CA
FOR FURTHER PROCEEDINGS

I hereby attest and certify on **OCT 1 9 2007**
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
      CLERK, U.S. DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

2 MINUTES

RECEIVED

FILED

2007 OCT 18  A 3: 44

U.S. MARSHAL
SOUTHERN DISTRICT OF
CALIFORNIA

07 OCT 19  AM 10: 52

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ 90/8 _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**LYNDA D. WALLACE,**<br><br>Defendant. | Magistrate Case No. 07MJ2249<br><br>**ORDER OF REMOVAL**<br>**(Defendant Not in Custody)** |

A complaint having been filed in the Northern District of California, charging defendant **LYNDA D. WALLACE** with conspiracy to distribute anabolic steroids, in violation of Title 21, United States Code, Sections 846 and 841. Defendant **LYNDA D. WALLACE** was arrested on September 16, 2007, in the Southern District of California, pursuant to the out of district arrest warrant related to said complaint. Defendant **LYNDA D. WALLACE** then posted a criminal bond and waived an identity hearing pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure. Therefore,

IT IS HEREBY ORDERED that defendant **LYNDA D. WALLACE**, appear before United States Magistrate Judge Patricia V. Trumbull, United States Courthouse, 280 South First Street, Courtroom 5, 4th Floor, San Jose, California 95113, on Thursday, November 1, 2007 at 9:30 a.m. for further proceedings.

Dated: _10/18/07_

I hereby attest and certify on  OCT 1 9 2007
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By_____Deputy

**HONORABLE JAN M. ADLER**
United States Magistrate Judge
**Southern District of California**

Order of Removal/Revised 12/02

Waiver of Rule5(c) and 5.1(a) Hearings

RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

2007 OCT 18 A 3: 44

U.S. MARSHAL
SOUTHERN DISTRICT
CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Magistrate Case No. 07MJ2249 |
| v. | |
| LYNDA D. WALLACE | WAIVER OF RULE 5(c) and 5.1(a) HEARINGS (Excluding Probation/Supervised Release Violation) |

I, **LYNDA D. WALLACE**, understand that in the Northern District of California, charges are pending alleging

violation of Title 21, United States Code, Section 846 and 841, and that I have been arrested in the Southern District

of California and taken before a United States Magistrate Judge, who informed me of the charge and of my right to:

1.     Retain counsel or request the appointment of counsel if I am unable to retain counsel;

2.     Request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to

     plead guilty **if** the United States Attorneys in both districts approve the transfer in writing;

3.     A preliminary hearing if required by Federal Rules of Criminal Procedure 5.1 or 58(b)(2)(G) (unless

     an indictment has been returned or an information filed) to determine whether there is probable cause

     to believe an offense has been committed by me, the hearing to be held either in this district or the

     district of prosecution; and

4.     An identity hearing to determine if I am the same person named in the charging document.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☐ identity hearing

☐ preliminary hearing

☐ identity hearing and have been informed I have no right to a preliminary hearing

☑ identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent

to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending

against me.

*Lynda D. Wallace*
LYNDA D. WALLACE
Defendant

OCT 1 9 2007

I hereby attest and certify on _____
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

Defense Counsel

10-18-07
Date

CEM/tlp/October 16, 2007/Revised 12/02

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CRIMINAL DOCKET FOR CASE #: 3:07-mj-02249-JMA All Defendants
### Internal Use Only

Case title: USA v. Wallace

Date Filed: 09/17/2007
Date Terminated: 10/18/2007

Assigned to: Magistrate Judge Jan M. Adler

**Defendant**

**Lynda D. Wallace (1)**
*TERMINATED: 10/18/2007*

I hereby attest and certify on OCT 1 9 2007
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By R. Muller                Deputy

represented by **Howard B Frank**
Frank and Milchen
136 Redwood Street
San Diego, CA 92103
(619)574-1888
Fax: (619)220-0185
Email: hbfandjm@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**
None

**Disposition**

**Highest Offense Level (Opening)**
None

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**

21:841 and 846 - Conspiracy to
distribute Anabolic Steroids

**Disposition**

Defendant ordered to appear on
11/1/2007 at 9:30 AM before Judge
Patricia Trumbull in San Jose, CA.

**Plaintiff**

**USA**                                         represented by **U S Attorney CR**
                                                U S Attorneys Office Southern District
                                                of California
                                                880 Front Street
                                                Room 6293
                                                San Diego, CA 92101
                                                (619)557-5610
                                                Fax: (619)557-5917
                                                Email: Efile.dkt.gc2@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Assistant United States*
                                                *Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2007 | | Arrest of Lynda D. Wallace (r1r) (Entered: 09/18/2007) |
| 09/17/2007 | 1 | OUT OF DISTRICT COMPLAINT as to Lynda D. Wallace (1). (ldp) (Entered: 09/18/2007) |
| 09/18/2007 | 2 | Minute Entry for proceedings held before Judge Jan M. Adler :Initial Appearance as to Lynda D. Wallace held on 9/18/2007. Nebbia Hearing as to Lynda D. Wallace held on 9/18/2007. General Appearance of attorney Howard B Frank for Lynda D. Wallace. Bond set as to Lynda D. Wallace (1) $100,000 P/S. Libby Zweg - C/S/E - approved. Trust deed and bond paperwork to be recorded and approved by 9/27/07. Dft to be released on O/R until 9/27/07. Govt does not oppose the release of the dft prior to the posting of the bond and recording of the trust deed. Abstract issued to USM. Removal/ID Hearing set for 9/27/2007 10:00 AM in Courtroom D before Magistrate Judge Jan M. Adler. (Tape #JMA07-01-10:42-11:06).(Plaintiff Attorney Caleb Mason).(Defendant Attorney Frank Ragen - S/A) (r1r) (Entered: 09/18/2007) |
| 09/18/2007 | 3 | ABSTRACT OF ORDER releasing Lynda D. Wallace.. Signed by Judge Jan M. Adler on 9/18/07. (ldp) (Entered: 09/18/2007) |
| 09/18/2007 | 4 | ORDER Setting Conditions of Release. Bond set for Lynda D. Wallace (1) $100,000 P/S secured by a trust deed to the United States on real estate approved by a Federal Judge; Exam of Sureties. Signed by Judge Jan M. Adler on 9/18/2007. (cap) (Entered: 09/19/2007) |
| 09/25/2007 | 5 | P/S Bond Entered as to Lynda D. Wallace in amount of $ 100,000. Signed by Judge Jan M. Adler on 9/25/2007. (pdc) (Entered: 09/26/2007) |
| 09/27/2007 | 6 | Minute Entry for proceedings held before Judge Jan M. Adler :Removal/ID Hearing as to Lynda D. Wallace not held on 9/27/2007. Removal/ID Hearing continued to 10/18/2007 02:00 PM in Courtroom D before Magistrate Judge Jan M. Adler. (Tape #JMA07-01-10:36-10:37).(Plaintiff Attorney Caleb Mason).(Defendant Attorney |

| | | Howard B. Frank). (r1r) (Entered: 09/27/2007) |
|---|---|---|
| 10/18/2007 | 7 | TRUST DEED by Lynda D. Wallace (rxm) (Entered: 10/19/2007) |
| 10/18/2007 | 8 | Minute Entry for proceedings held before Judge Jan M. Adler :Removal/ID Hearing as to Lynda D. Wallace held on 10/18/2007, REMOVAL OF COUNTS on Government Motion as to Lynda D. Wallace. Defendant waives ID hearing, Waiver of hearing filed, order of removal signed by the Court. Defendant ordered to appear on 11/1/2007 at 9:30 AM before Mag Judge Patricia Trumbull in San Jose, CA for further proceedings. (Tape #JMA07-01-2:25-2:29).(Plaintiff Attorney Mark Connover, AUSA).(Defendant Attorney Howard Frank, RET). (rxm) (Entered: 10/19/2007) |
| 10/18/2007 | 10 | WAIVER of Rule 5 Hearings by Lynda D. Wallace (rxm) (Entered: 10/19/2007) |
| 10/19/2007 | 9 | ORDER of Removal as to Lynda D. Wallace. Signed by Judge Jan M. Adler on 10/18/2007. (rxm) (Entered: 10/19/2007) |

*Approved as to form of documents. CEM 9/25/09*

FILED

SEP 25 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
UNITED STATES OF AMERICA                )
                                         )
vs.                                      )
                                         )     APPEARANCE BOND
_Lynda D. Wallace_                       )     FOR CASE NUMBER
_____                )
                                         )

I, the undersigned defendant, and we, the sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally are bound to pay to the United States of America the sum of $ _100,000_ , and there has been deposited in the Registry of the Court the sum of $_____ in cash or _____ (describe other security) of the amount of bond.

The conditions of this bond are that the defendant is to appear as ordered before United States Magistrate Judge/District Judge, and the United States District Court for the Southern District of California at San Diego, and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in the above-entitled matter as may be given or issued by the Magistrate Judge or by the United States District Court to which the defendant may be removed or the cause transferred; that the defendant is not to depart the State of California, or the jurisdiction of any other United States District Court to which the defendant may be removed or the cause transferred after he has appeared in such other district pursuant to the terms of this bond, except in accordance with such orders or warrants as may be issued by the Magistrate Judge or the United States District Court for the Southern District of California or the United States District Court for such other district; that the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe. Further, the conditions set forth in the order re conditions of pretrial release, filed in this matter and part of the record therein, are further conditions of this bond.

If the defendant appears as ordered and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above-entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned are duly exonerated.

This bond signed on _9-18-_ , _2007_ , at _San Diego, Ca_

Defendant's Signature: _Lynda D. Wallace_ Address _2631 Buggy Lane, Camarillo, Ca 93012_

Surety's Signature: _Esther Leb Zweig_ Address _2631 Buggy Lane Camarillo, Ca 93012_

Surety's Signature X _____ Address _____

Signature of Witness of Surety's Signature: _Esther Broihie_

Signed and acknowledged before me, the witness, on _19 Sept._ , _2007_

Approved: _____ , United States Magistrate Judge

OCT 1 9 2007

I hereby attest and certify on _____ that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

*abstract on docket*

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC 3148, and a prosecution for contempt as provided in 18 USC 401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 USC 1503 makes is a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC 1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 USC 1512 makes it a criminal offense punishable by up to ten years in prison and a $250,00 fine to tamper with a witness, victim or informant; and 18 USC 1513 makes it a criminal offense punishable by up to ten years in jail and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order, if the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not mare than two years or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,00 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for another offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date:____9/19/07____    _____Tyala D. Wallau_____
                                            Signature of Defendant